No. A-CV-02-81

COURT OF APPEALS OF THE NAVAJO NATION

November 16, 1981

John and Louise BENALLY, Appellant.

vs.

THE NAVAJO HOUSING AUTHORITY, Appellee.

OPINION AND ORDER

Lawrence Long, Esq., DNA-People's Legal Services, Window Rock, Navajo Nation (Arizona) for Appellant and Perry Garnenez, Esq., NHA, Window Rock, Navajo Nation (Arizona) for Appellee.

This is an appeal from a default judgment in a forcible entry and detainer action which ordered the eviction of the appellants and the payment of $1,388.85. The default judgment was entered on December 30, 1980 and the notice of appeal was filed with the Court of Appeals on January 21, 1981.

The appeals procedures in forcible entry and detainer actions are those for all appeals except as to the time the appeal must be filed and except as to the posting of bond. Rule 3, Rules of Appellate Procedure. Those matters are also regulated by the appeals procedures for forcible entry and detainer cases, 16 N.T.C. Secs. 1807 - 1810.

16 N.T.C. Sec. 1807(a) provides:

"Either party may appeal from the decision to the Appeals Court of the Navajo Tribe by giving notice as in other actions and filing with the court within five days after rendition of the judgment a bond in an amount equal to double the yearly value or rental of the premises in dispute, with sureties to be approved by the Tribal Judge, payable to the adverse party and conditioned that he will prosecute the appeal to effect and pay all costs and damages which may be adjuged against him."

This code section is poorly-worded and archaic, as are the provisions as to forcible entry and detainer in general. The section would seem to say that the notice is to be given as in other actions (i.e. 30 days after the judgment) but then it goes on to couple the notice with the five days for posting a bond on appeal. The code section means that the notice of appeal is to be filed within the five day period. That is the only reasonable construction for code provisions which are clearly intended to vary from the regular appeal procedures.

The notice of appeal was filed some twenty-two days after the judgment was rendered, and this court clearly does not have jurisdiction over the appeal since it was filed well beyond the five day period. The appellants must have known of the December 30th judgment because they filed a motion for reconsideration on January 5, 1981. In any event the appeal was not filed on time and this court does not have jurisdiction in this case.

Another defect in the appellants' appeal is the fact they neither posted the appeal bond nor asked the court to excuse the posting of a bond. This court is aware that in the past tenants have sought to avoid eviction by filing appeals, and without the protection of a bond a landlord may well be stuck holding the bag for accrued rent. While the bond provision is difficult, tenant litigants must remember that appeals are not a right, and they must comply with the special restrictions placed upon them for appeals. It is only just and reasonable to require parties who lose a case to give security so the judgment against them can be enforced should they lose on appeal. Therefore even if the appeal was filed on time, the failure to post a bond would be reason enough to dismiss it.

Even if this appeal was properly before the court there is nothing to convince the court there would be any merit to it. The difficulty appears to be that the appellants complain they were not served with the motion for entry of default judgment. This assertion is repeatedly made in lengthy (and well-written) briefs, but there is nothing in the record to indicate that the motion was indeed not served. There is no certificate of service on the motion for entry of default judgment, which makes the appellants' assertion appear credible, but there is nothing in the record to demonstrate to assertion. The better practice would be for counsel who claims a document was not served to file an affidavit so showing. That might sway a court on appeal. However in the absence of a record or a transcript showing proof there is utterly no reason whatsoever to overturn the decision of the district court judge, who was on the scene and had an opportunity to hear the facts. Counsel who bring cases before this court are admonished and warned:

> Do not expect to prevail on appeal if you don't make a clear record in the trial court. This court will not overturn decisions based on a determination of fact unless the judge was clearly erroneous. This court will not overturn decisions based upon the use of judicial discretion unless it clearly appears in the record the discretion was abused.

This court takes notice of the fact that rents have apparently accrued while this appeal has been pending. That injustice would have been cured by the posting of a proper bond, and the district court should immediately schedule a hearing to determine the amount of accrued rent.

Therefore this appeal is hereby DISMISSED and this cause is remanded to the district court for further proceedings and the enforcement of its judgments.